(UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE TAYLOR, III,

      Plaintiff,

                                          Case No. 1:25-cv-1231

v.

                                          Hon. Jane M. Beckering

KELLY HUGHES MCCOWAN,

      Defendant.

_____/

## OPINION AND ORDER

Plaintiff Wayne Taylor, III, a California state prisoner proceeding *pro se* and *in forma pauperis*, initiated this action against Defendant Kelly Hughes McCowan.  In his Amended Complaint, Plaintiff alleges slander, breach of an oral contract, and fraud (ECF No. 9).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff's slander claim is barred by the statute of limitations and his contract and fraud claims are frivolous and fail to state claims upon which relief may be granted.  The matter is now before the Court on Plaintiff's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court performs de novo review of those portions of the Report and Recommendation to which objections have been made.  For the following reasons, the Court will deny Plaintiff's objections.

Plaintiff objects to the Magistrate Judge's analysis of each of his three claims.  First, in response to the Magistrate Judge's determination that his slander claim is time-barred, Plaintiff argues that his prisoner status tolls his claim under MICH. COMP. LAWS § 600.5851 (Objs., ECF

No. 14 at PageID.54–55).  Plaintiff's argument lacks merit.  The statute upon which Plaintiff relies was amended in 1993 to eliminate imprisonment as a disability that would toll the limitations period.  *See* MICH. COMP. LAWS § 600.5851(9).

Second, regarding Plaintiff's breach-of-contract claim, the Magistrate Judge determined that even assuming the truth of Plaintiff's allegations that Defendant orally promised to contact a therapist and attend a virtual session with Plaintiff, such allegations are insufficient to create a contract where Defendant "has the right to change her mind" (R&R, ECF No. 12 at PageID.49).  According to Plaintiff, Defendant "did not have the right to change her mind in the foreseeability of [his] emotional distress" (Objs., ECF No. 14 at PageID.55–57).  However, Plaintiff's mere disagreement fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or ultimate conclusion that Plaintiff did not plausibly describe a legally enforceable commitment.

Last, the Magistrate Judge recommends dismissal of Plaintiff's fraud claim, a claim that was premised on Defendant's alleged promise to loan him $2,500.00 at a 50 percent interest rate (R&R, ECF No. 12 at PageID.49).  The Magistrate Judge pointed out that Plaintiff "failed to produce any loan documentation," and determined that, in any event, such a loan was "illegal and unenforceable," given its usurious interest rate (*id.*).  In his objections, Plaintiff argues that the Magistrate Judge erred in requiring him to produce evidence before any discovery is ordered (Objs., ECF No. 14 at PageID.57–59).  However, Plaintiff wholly fails to address the substantive basis of the Magistrate Judge's decision, which assumed the existence of a promise to make such a loan.  Consequently, Plaintiff fails to identify any factual or legal error in the Magistrate Judge's recommendation.

In sum, Plaintiff's objections are properly denied, and the Magistrate Judge's Report and Recommendation will be approved and adopted as the Opinion of the Court.  Because this Opinion and Order resolves all pending claims, a Judgment will also issue.  *See* FED. R. CIV. P. 58.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 14) are DENIED, and the Report and Recommendation (ECF No. 12) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (ECF No. 9) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to have the United States Marshal Serve his Complaint (ECF No. 9) is DISMISSED as moot.


Dated:    April 28, 2026                          /s/ Jane M. Beckering
                                                  JANE M. BECKERING
                                                  United States District Judge

3